IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMIE ELAINE POURIER,

        Plaintiff,

   v.

CAROLYN W. COLVIN,
Commissioner of Social
Security,

        Defendant.

Case No. 2:14-cv-00478-AA
OPINION AND ORDER

Nancy J. Meserow
Law Office of Nancy J. Meserow
7540 S.W. 51st Avenue
Portland, Oregon 97219
    Attorney for plaintiff

Billy Williams
Ronald K. Silver
United States Attorney's Office
1000 S.W. 3rd Avenue, Suite 600
Portland, Oregon 97201

Nancy A. Mishalanie
Social Security Administration
Office of General Counsel
701 5th Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Jamie Pourier brings this action pursuant to the Social Security Act ("Act") to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Title II disability insurance benefits ("DIB"). For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

On September 6, 2010, plaintiff applied for DIB. Tr. 150-51. After her application was denied initially and upon reconsideration, plaintiff appeared and testified at a hearing on July 23, 2012, before an Administrative Law Judge ("ALJ"). Tr. 42-78, 102-06. On November 8, 2012, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 24-37. After the Appeals Council declined her request, plaintiff filed a complaint in this Court. Tr. 6-8.

## STATEMENT OF FACTS

Born on September 4, 1957, plaintiff was 52 years old on the alleged onset date of disability and 54 years old at the time of the hearing. Tr. 53. She graduated from high school and attended three years of college, ultimately obtaining her associate's degree. Tr. 54. She is a registered nurse with experience working in hospital emergency rooms and rehabilitation centers. Tr. 55. Plaintiff alleges disability as of August 23, 2010, due to depression, anxiety, dizziness, colitis, arthritis, and neck, back,

shoulder, hand, and hip pain. Tr. 179.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986) (citation omitted). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. First, the Commissioner determines whether a claimant is engaged in

Page 3 - OPINION AND ORDER

"substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment, she is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(f). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work existing in significant numbers in the national and local economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1566.

## THE ALJ'S FINDINGS

At step one of the five-step process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful

Page 4 - OPINION AND ORDER

activity since the alleged onset date, although she "worked at substantial gainful activity levels after her alleged onset date," earning "$44,044.63 for the calendar year of 2010 and $23,256.00 for the calendar year of 2011." Tr. 26. At step two, the ALJ determined that plaintiff had the following severe impairments: "collagenous colitis, unknown etiology with fecal incontinence; and lumbar degenerative disc disease with loss of disc height and facet arthropathy at L5-S1." Id. At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 29.

As such, the ALJ continued the sequential evaluation process to determine how plaintiff's impairments affected her ability to work. The ALJ concluded that plaintiff had the residual functional capacity ("RFC") to perform "light work" except that she "requires a restroom nearby," "is limited to occasional postural activities," and should avoid climbing ladders, ropes, or scaffolds, and "exposure to hazards such as moving machinery and unprotected heights." Id.

At step four, the ALJ concluded that plaintiff could not perform her past relevant work. Tr. 35. At step five, the ALJ found, based on the testimony of a vocational expert ("VE"), that plaintiff could perform a significant number of jobs existing in the national and local economy despite her impairments, such as office nurse. Tr. 36. Accordingly, the ALJ found plaintiff not disabled within the meaning of the Act. Id.

## DISCUSSION

Plaintiff argues that the ALJ erred by: (1) finding her not fully credible; (2) rejecting the opinion of nurse practitioner Jennifer Armstrong; (3) neglecting to include her arthritis, headaches, joint pain, adjustment disorder, and post-traumatic stress disorder ("PTSD") as medically determinable, severe impairments at step two; and (4) failing to account for all of her impairments in the RFC, rendering the step five finding invalid.

### I. Credibility

Plaintiff contends that the ALJ failed to provide a clear and convincing reason, supported by substantial evidence, for rejecting her subjective symptom testimony concerning the severity of her impairments. The ALJ's reasons for rejecting the claimant's testimony must be clear and convincing, unless there is affirmative evidence of malingering. Burch, 400 F.3d at 680. A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993) (citation omitted). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Page 6 - OPINION AND ORDER

At the hearing, plaintiff testified that she is unable to work as a result of incontinence, pain, and depression. Tr. 60-63. Plaintiff explained that colitis necessitates frequent restroom breaks or causes her to have accidents that she finds "humiliating" and "very distracting." Tr. 62-63. She stated that colitis medication has been unhelpful and that she does not want "to deal with a colostomy bag." Tr. 66. Plaintiff testified further that her muscle and joint pain is "debilitating" and "by the time [she's] off work, [she's] in severe pain." Tr. 60. Plaintiff also attested to depression and anxiety, for which she has taken prescription medications, but has not "see[n] anyone on a regular basis" for treatment. Tr. 64.

After summarizing her hearing testimony, the ALJ determined that plaintiff's medically determinable impairments could reasonably be expected to produce some degree of symptoms, but her statements concerning the extent of these symptoms were not fully credible due to her inconsistent statements, activities of daily living, and receipt of unemployment benefits, as well as the lack of corroborating medical evidence. Tr. 31-34.

Notably, the ALJ found plaintiff's daily activities, including her continued part-time employment in a physically demanding nursing job, inconsistent with her allegations of debilitating pain and incontinence. Tr. 32. An ability to work "with a fair amount of success" can render a claimant's testimony less credible. Drouin v. Sullivan, 966 F.2d 1255, 1258 (9th Cir. 1992); see also Molina v. Astrue, 674 F.3d 1104, 1112-13 (9th Cir. 2012) (daily activities

Page 7 - OPINION AND ORDER

may be used to discredit a claimant where they are either "transferable to a work setting" or "contradict claims of a totally debilitating impairment"). Here, plaintiff's supervisor reported that her current job requires "considerable physical exertion," including walking long hallways, bending, stooping, reaching, and lifting objects and residents. Tr. 32, 245. Other evidence in the record reflects that plaintiff leaves her house every day; grocery shops; cooks; performs regular household chores and yard work, such as mowing the lawn and weeding; takes care of her dog; maintains hobbies such as walking, beading, fishing, and playing games; and socializes with others. Tr. 197-199, 204-07.

The ALJ also gave less weight to plaintiff's testimony because she received unemployment benefits after her alleged onset date of disability. Tr. 33. Receiving unemployment benefits "casts doubt on a claim of disability, as it shows that an applicant holds himself out as capable of working." Ghanim v. Colvin, 763 F.3d 1154, 1165 (9th Cir. 2014) (citation omitted). The record demonstrates that plaintiff collected unemployment benefits since September 2010, despite alleging that she became disabled in August 2010. Tr. 153-54.

Thus, the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting plaintiff's subjective symptom statements. As a result, this Court need not discuss all of the reasons provided by the ALJ because at least one legally sufficient reason exists. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008). The ALJ's credibility

Page 8 - OPINION AND ORDER

determination is affirmed.

II. <u>Medical Evidence</u>

Plaintiff asserts that the ALJ failed to provide a legally sufficient reason, supported by substantial evidence, for rejecting the opinion of Ms. Armstrong. While an "other source" can provide an opinion about the severity of an impairment and how it affects the claimant's ability to work, only "acceptable medical sources" can diagnose and establish that a medical impairment exists. <u>Garrison v. Colvin</u>, 759 F.3d 995, 1013-14 (9th Cir. 2014). The ALJ must provide "reasons that are germane" to the witness in order to discount the opinion of an other or lay source. <u>Dodrill</u>, 12 F.3d at 919.

In January 2011, Ms. Armstrong completed a check-the-box form prepared by plaintiff's attorney. Tr. 295-302. Ms. Armstrong listed plaintiff's diagnoses as "ulcerative colitis, arthritis, back pain, and arthralgia." Tr. 295. Ms. Armstrong recommended that plaintiff not sit or stand for more than an hour per eight hour day, never lift or carry more than ten pounds, not reach due to a deceased range of shoulder motion, and limit her grasping or manipulating. Tr. 297-99. Ms. Armstrong checked the box indicating that plaintiff is "incapable of [tolerating] even low stress" jobs as stress "worsens [her] colitis." Tr. 300. With respect to plaintiff's estimated work absences as a result of her impairments, Ms. Armstrong checked the box for "more than three times a month." Tr. 301.

The ALJ gave Ms. Armstrong's opinion "no weight" because "the

Page 9 - OPINION AND ORDER

record simply does not support [it]." Tr. 34. Specifically, the ALJ noted that Ms. Armstrong's opinion was inconsistent with plaintiff's current part-time job, activities of daily living, and the report of examining doctor Mike Henderson, M.D. Tr. 34-35. An inconsistency with the record is a germane reason to discount the opinion of a non-acceptable medical source. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). An ALJ may also afford greater weight to the opinion of an acceptable medical source over that of an other source. SSR 06-03p, available at 2006 WL 2329939.

In direct opposition to Ms. Armstrong's report, Dr. Henderson opined that plaintiff has "no particular limitations with sitting, standing, walking or carrying." Tr. 278. In fact, he identified plaintiff's sole physical barrier as "intermittent episodes of fecal incontinence while at work." Id. Nevertheless, plaintiff remarked to Dr. Henderson that medicine "significantly improved her [colitis] symptoms," such that she only "loses control on occasion." Tr. 276. The ALJ assigned Dr. Henderson's opinion "significant weight" and plaintiff does not now challenge that finding on appeal. Tr. 34. Further, as discussed in section I, plaintiff engages in a wide slate of daily activities that contravene the limitations assessed by Ms. Armstrong. The ALJ's evaluation of Ms. Armstrong's opinion is upheld.

III. Step Two Finding

Plaintiff argues that the ALJ failed to include her arthritis, headaches, joint pain, adjustment disorder, and PTSD at step two. At step two, the ALJ determines whether the claimant has an

Page 10 - OPINION AND ORDER

impairment, or combination of impairments, that is both medically determinable and severe. 20 C.F.R. § 404.1520(c). An impairment is medically determinable if it is diagnosed by an acceptable medical source and based upon acceptable medical evidence, such as "signs, symptoms, and laboratory findings"; "under no circumstances may the existence of an impairment be established on the basis of symptoms alone." SSR 96-4p, available at 1996 WL 374187; 20 C.F.R. § 404.1513(a). An impairment is not severe if it does not significantly limit the claimant's ability to do basic work activities. 20 C.F.R. § 404.1521; Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005). The step two threshold is low and described by the Ninth Circuit as a "de minimus screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)(citation omitted).

Plaintiff's symptoms of joint pain and headaches may relate to her colitis and/or degenerative disc disease, impairments that the ALJ listed as medically-determinable and severe. In any event, the ALJ found that plaintiff's shoulder, hip, neck, and hand pain were not medically-determinable because any diagnoses related thereto were based exclusively on plaintiff's self-reports. Tr. 33. Further, the ALJ noted that any objective evidence relating to these symptoms did not reveal abnormalities or any signs of impairment. Id. In addition, no acceptable medical source has diagnosed plaintiff with headaches. See, e.g., Tr. 368, 376.

The record before the Court contains multiple references to plaintiff's arthritis; however, her examining and treating doctors

Page 11 - OPINION AND ORDER

differ as to its cause and impact. See, e.g., Tr. 247 (Richard Carpenter, M.D., diagnosing plaintiff in November 2008 with inflammatory osteoarthropathy), 327 (Donald Maher, M.D., diagnosing plaintiff in February 2011 with what "may be an inflammatory bowel associated arthritis/arthralgia versus a separate arthritic condition"), 278 (Dr. Henderson diagnosing plaintiff in December 2012 with arthritis, but stating that she has "excellent range of motion" and is "not severely impair[ed]"). The ALJ acknowledged this evidence and rationally concluded that, for the reasons discussed in section I, plaintiff's arthritis was non-severe as it imposed "no more than a minimal effect on the ability to do basic work activities." 20 C.F.R. § 404.1521(a); SSR 96-3p, available at 1996 WL 374181; Tr. 27.

Likewise, the ALJ acknowledged plaintiff's diagnoses of PTSD and adjustment disorder, but found them non-severe and non-medically determinable. Tr. 27-28, 33-34. Specifically, the ALJ observed that plaintiff had not sought mental health treatment and had discontinued medications for depression and anxiety. Tr. 28, 33. The ALJ also noted plaintiff's ability to spend time with others on a regular basis and significant activities of daily living. Tr. 27. Although plaintiff's supervisor noted plaintiff's reports of "abdominal and/or joint pain," she did not describe any impairment in relation to plaintiff's mental functioning. Tr. 245. Finally, the ALJ found the state agency consulting sources' opinions that plaintiff's mental impairments were non-severe to be persuasive evidence that they did not significantly limit her

Page 12 - OPINION AND ORDER

ability to do basic work activities. Tr. 27, 33-34, 83-84.

Regardless, even if the ALJ erred by not designating certain impairments at step two, it did not prejudice plaintiff because the ALJ resolved this step in her favor and considered these conditions in formulating the RFC. Tr. 29-35; Gray v. Comm'r Soc. Sec. Admin., 365 Fed.Appx. 60, 61 (9th Cir. 2010); see also Mondragon v. Astrue, 364 Fed.Appx. 346, 348 (9th Cir. 2010) ("[a]ny alleged error at step two was harmless because step two was decided in [the claimant's] favor with regard to other ailments"). The ALJ's step two finding is affirmed.

IV. RFC and Step Five Finding

Plaintiff asserts that the ALJ's RFC and step five finding were inadequate because they failed to account for all of the limitations described in her testimony and the lay statement of Ms. Armstrong, as well as the combined effect of her physical and mental impairments. The RFC is the maximum a claimant can do despite her limitations. 20 C.F.R. § 404.1545. In determining the RFC, the ALJ must consider limitations imposed by all of a claimant's impairments, even those that are not severe, and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. SSR 96-8p, available at 1996 WL 374184. Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

As addressed herein, the ALJ properly discredited plaintiff

Page 13 - OPINION AND ORDER

and Ms. Armstrong, and there is no indication, outside of this evidence, that plaintiff suffered from functional limitations beyond those outlined in the RFC. Additionally, the underlying decision clearly demonstrates that the ALJ considered the combined effect of plaintiff's physical and mental impairments. Tr. 26-35; see also <u>Samples v. Comm'r Soc. Sec. Admin.</u>, 466 Fed.Appx. 584, 586 (9th Cir. 2012) (although an ALJ must consider the claimant's impairments in combination, an explicit discussion of "the interaction between . . . physical [and] mental impairments" is not required) (citation omitted). Accordingly, plaintiff's arguments, which are contingent upon a finding of harmful error in regard to the aforementioned issues, are without merit. <u>Bayliss</u>, 427 F.3d at 1217-18; <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1175-76 (9th Cir. 2008). The ALJ's RFC and step five finding are upheld.

## CONCLUSION

The Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 22 day of July 2015.

_____
Ann Aiken
United States District Judge